Lupiano, J.
(dissenting). I dissent.
While the defendant, which had undertaken to act as the plaintiff’s broker, had the right to terminate the relationship, *1057 it was required to do so on proper notice (Stenton v. Jerome, 54 N. Y. 480, 486 ; 2 C. J. S., Agency, § 81, p. 1171). The record is barren of any evidence of the renunciation of the agency by the defendant, or of any communication to the plaintiff to that effect. On the contrary, the commission statement for the final transaction establishes clearly that the purchase was made on the plaintiff’s behalf and that a commission was charged. I am, therefore, unable to agree with the conclusion that the agency had been terminated before the purchase was made.
And the defense based on the misrepresentation by the plaintiff is unavailing in view of the conduct of the defendant so inconsistent with a repudiation of the contract of agency as to demonstrate an abandonment of a right to rescind. One entitled to repudiate a contract on the ground of misrepresentation must act promptly (New York Tel. Co. v. Jamestown Tel. Co., 282 N. Y. 365, 372) ; and recognition that the contract is still in force is deemed a waiver of the right to rescind (Lumber Ind. v. Woodlawn Furniture Corp., 26 A D 2d 924 ; Finesilver v. Title Guar. & Trust Co., 17 N. Y. S. 2d 854, affd. 258 App. Div. 946). Despite the plaintiff’s failure to deliver the stock in seven days, defendant waited for three months thereafter; during that time, it made no demand for delivery and sent statements to the plaintiff showing the credit balance for the proceeds of the sale; it finally bought the stock for plaintiff’s account and charged her a commission. These facts manifest an affirmance of the contract of agency.
Nor is the claim of violation of margin requirements available to the broker in this action by the customer to recover her profit (see Myer v. Shields & Co., 25 A D 2d 126). Defendant concedes that the plaintiff would have been obligated for any loss sustained in the transaction. It should not retain her profit.
The judgment should be reversed and judgment directed in favor of the plaintiff.
Goh>, J. P., and Quinn, J., concur in Per Curiam opinion; Lupiano, J., dissents in an opinion.
Judgment affirmed, etc.